(Rev. 10/2002) General Document

# UNITED STATES DISTRICT COURT
## Southern District of Florida

FILED BY VB D.C.
OCT 20 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Case Number: ______________________

Kenny Moore
Plaintiff(s)

v.

United States of America federal Bureau of Investigations
Defendant(s)

Motion for Return of Property Pursuant to Fed.R.Crim.P 41(g)
(TITLE OF DOCUMENT)

I, Kenny Moore, plaintiff or defendant, in the above styled case,

On July 1st, 2026 was arrested at a local taco stand at 1211 Lincoln Rd miami Beach, FL 33139 by a multi agency task force. The arrest was based on an underlying state misdemeanor warrant. At the time of arrest task force agents confiscated Plaintiff's iPhone 15 cell phone no federal search warrant or federal seizure warrant existed for this item. Following the arrest, state authorities transferred physical custody of plaintiffs device & shoes to federal agents without issuing any property receipts, inventory logs or seizure notices. Plaintiff was subsequently processed at the Headquarters facility in Hialeah where agents completely failed to provide any legal ~~documentation~~ Tracking for his device. Plaintiff

subsequently bonded out of TGK facility on the underlying state charges. Upon his release, because his items had been turned over to federal agents via an unrecorded handoff, the state facility could not return the property. By leaving Plaintiff's phone & shoes completely off his TGK release paperwork & processing sheets the task force executed an undocumented "ghost seizure" This violates Federal Rule of Criminal Procedure 41(F) which explicitly mandates that law enforcement provide a detailed, written receipt to the person from whom property is taken. By denying a receipt, the government stripped away plaintiff's administrative due process rights to track, claim, or protect his belongings. The following day July 2, 2026 the government executed a residental search warrant on a complete separate property that wasn't Plaintiff's residence which was 20911 San Simeon way Miami, Fl, Plaintiff was actively residing at his Primary home located at 848 sw 7th st Florida City, FL 33034 Plaintiff merely utilized a portion of the July 2nd Target property as a temporary storage. During the execution of that warrant agents seized a Macbook computer & clothing which were lawfully stored there. The government cannot use a warrant issued for a third-party premises as a "blanket authorization" to permanently retain highly personal electronic devices belonging to a non-resident.

The government's ongoing, undocumented & warrantless retention of Plaintiff's physical & electronic property for nearly 4 months constitutes a callous disregard for the fourth amendment & procedural due process. The government has had substantial opportunity to inspect, preserve relevant digital or physical evidence, meaning further retention serves no lawful investigative purpose.

In response to the four factors set fourth in Richey v. Smith Plaintiff shows the court the seizure of Plaintiff's devices since July 1, 2026 has now held this critical property without filing any formal criminal indictments or charges against Plaintiff. These devices are the sole infrastructure connected to my Digital marketing consulting company & Credit Repair business since they

were taken I have been unable to work ~~or~~ communicate with clients, or generate any income for nearly 120days which has caused Plaintiff a severe continuous & irreparable physical & financial hardship daily, Im without shelter & no means to earn a living as a direct and catastrophic result of this prolonged deprivation of my livelihood I have suffered total financial ruin & have been left homeless. I have 4 minor children which is been hard to be there financially for Plaintiff wasn't able to purchase school uniforms or supplies, couldn't pay for after school programs or sport fees its been an absolute disaster for Plaintiff's Electronic devices was Plaintiff's only source of communication with ~~my~~ children & for Plaintiff's companies they weren't a part of any crimes Plaintiff ~~am~~ is completely unable to work or communicate with ~~my~~ business colleagues or access Plaintiffs' business & personal emails. Plaintiff respectfully request the immediate return of Plaintiffs property Plaintiff doesn't seek return of the physical property for the purpose of intefering with, obstructing, or otherwise disrupting the governments investigation. Thank You for your time.

**SERVICE LIST**

Kenny Moore
Party or Attorney Name

N/A
Attorney E–mail Address *(if applicable)*

N/A
Firm Name *(if applicable)*

900 NW 7th ave
Street Address

Ft. Lauderdale, FL 33311
City, State, Zip Code

Telephone: (561)605-8173

Facsimile: N/A

Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*

Assistant United States Attorney
Party or Attorney Name

N/
Attorney E–mail Address *(if applicable)*

Assistant United States Attorney
Firm Name *(if applicable)*

500 E Broward Blvd Suite 400
Street Address

Ft. Lauderdale, FL 33394
City, State, Zip Code

Telephone: (954) 356-7255

Facsimile:

Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*

10 / 20 / 2026
Dated: Month, day, year

Respectfully submitted,

Kenny Moore
Name of Filer

N/A
Attorney Bar Number *(if applicable)*

N/A
Attorney E-mail Address *(if applicable)*

N/A
Firm Name *(if applicable)*

920 NW 7th ave
Street Address

Ft. Lauderdale, FL 33311
City, State, Zip Code

Telephone: (561) 605-8173

Facsimile: N/A

Attorneys for Plaintiff/Defendant *[Party name(s)]* *(if applicable)*

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by Hand delivery [specify method of service] on 10 / 20 / 2026 [date] on all counsel or parties of record on the Service List below.

Kenny Moore
Signature of Filer